FILED

**NOT FOR PUBLICATION**

JUL 22 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARLIN NELSON,

              Plaintiff - Appellant,

  v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

              Defendant - Appellee.

No. 11-35982

D.C. No. 6:10-cv-00989-HO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Argued and Submitted July 8, 2013
Portland, Oregon

Before: PREGERSON, MURGUIA, and CHRISTEN, Circuit Judges.

     Marlin Nelson appeals the district court's order affirming the Commissioner

of Social Security's denial of his application for disability insurance benefits and

supplemental security income benefits.  We review de novo the district court's

order affirming a decision of the administrative law judge ("ALJ") denying

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

benefits and uphold the decision if substantial evidence supports the ALJ's findings and the ALJ applied the correct legal standards. *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse and remand.[1]

Nelson contends the ALJ erred by relying on the vocational expert's testimony because the hypothetical offered by the ALJ erroneously omitted limitations described in the record. The ALJ's decision indicates he found that Nelson suffered from severe depressive disorder, but the hypothetical question posed by the ALJ to the vocational expert did not include any limitations related to the disorder. *See Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989) (requiring hypothetical set forth all claimant's limitations and restrictions). Because the hypothetical failed to incorporate the ALJ's findings regarding Nelson's depressive disorder, the validity of the vocational expert's conclusion is compromised. *See DeLorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991) (When hypothetical "does not reflect all the claimant's limitations, we have held that the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy."). Accordingly, we reverse and remand

---

[1] Because the parties are familiar with the facts and procedural history of this case, we discuss them only as necessary to explain our decision.

for further proceedings. On remand, the ALJ shall incorporate his finding of severe depressive disorder into the step 5 analysis.

Nelson also contends that the ALJ erred by failing to consider Exhibit 14F, which he filed after the merits hearing with the ALJ's permission. An ALJ must consider all medical evidence but is "not required to discuss every piece of evidence." *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). We cannot discern from the record whether the ALJ received and considered this evidence. On remand, the ALJ shall consider Exhibit 14F.

Finally, Nelson argues that new evidence he submitted to the Appeals Council warrants a finding that he was disabled. On remand, the ALJ's consideration of this claim shall include the evidence Nelson submitted to the Appeals Council.[2]

**REVERSED and REMANDED.**

---

[2] The government concedes that the ALJ's decision mistakenly indicates that the vocational expert testified that Nelson was able to work as an "electronics assembler" rather than "electronics worker." We are satisfied that this was no more than a clerical error.